# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEAN PRAIAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1561 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Caiazza |
| DR. PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This action was commenced by the Plaintiff, Dean Praias ("the Plaintiff" or "Praias") with the filing of a motion to proceed in forma pauperis on November 15, 2007. The following day, an order was entered directing Plaintiff to, on or before December 7, 2007, submit to the court a certified copy of his institutional account statement from every jail or prison at which he was confined, showing the status of that account or accounts from June 1, 2007, through the date the account statement is submitted (Doc. 2). When no response was made to the Court's Order, an order to show cause was entered on December 10, 2007, directing the Plaintiff to show cause on or before December 26, 2007, why the action should not be dismissed for failure to comply with the order directing him to file an institutional account statement (Doc. 3). That same date, the Plaintiff consented to proceed before the undersigned (Doc. 4).

The Plaintiff has taken no action since. On January 7, 2007, chambers staff contacted the Allegheny County Jail by telephone and learned that Praias was released from the Allegheny County Jail to a halfway house on December 18, 2007.

In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors are as follows:

(1) The extent of the parties personal responsibility;

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A history of dilatoriness;

(4) Whether the conduct of the party or the attorney was willful or in bad faith;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) The meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984).

A consideration of the factors set out in <u>Poulis</u> requires that this action be dismissed. Factors one and four each relate to the Plaintiff's failure to comply with this court's prior orders, that is, the extent of his personal responsibility, and whether his conduct was willful or in bad faith. These two factors weigh heavily against Praias. With respect to factor number one, it is clear that the Plaintiff's failure to comply with this court's orders was his personal responsibility. With

respect to factor four, this court finds that Praias wilfully ignored prior orders entered by this court.

Relative to factor number two, the court must consider the prejudice caused to the adversary because of Praias's failure to comply with the prior court orders. Since Praias's actions (or inaction) has resulted in no complaint being filed to this point, there appears to be no specific prejudice to the Defendant – other than general delay. Therefore, this factor will not be weighed against Praias. Similarly, factor number six, the meritoriousness of the claim, will be weighed neither in favor of nor against the Plaintiff.

Turning to factor number three, there is now a history of dilatoriness. Praias has twice failed to take the actions necessary to move this action forward. This factor weighs in favor of dismissal.

The final factor to consider here is the effectiveness of sanctions other than dismissal. Since the Plaintiff filed this action *in forma pauperis* it is useless to impose the sanction of attorney fees. Also, because Praias has failed to comply with prior orders entered by this court, and that he has been released from custody and has not provided a forwarding address, it appears that he has no interest in proceeding with the case he filed[1]. The only appropriate action here is dismissal.

---

[1] The Court will send a copy of this Opinion to the Plaintiff's last known address, since it has not been provided with any other address by the Plaintiff.

IT IS HEREBY ORDERED that this action is DISMISSED. The Clerk is directed to mark this case CLOSED.

January 8, 2008                           s/Francis X. Caiazza
                                          Francis X. Caiazza
                                          U.S. Magistrate Judge

cc:
DEAN PRAIAS
48732
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219